HOLLY S. HANOVER, Esq.
California State Bar Number 177303
3132 Third Ave. #101
San Diego, CA 92103
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Mr. Neil Morgan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>NEIL MORGAN,<br>    Defendant. | CASE NO. 07cr3417-JLS<br><br>DATE: January 23, 2005<br>TIME: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on the indictment and other information provided by the United States Attorney's office. Counsel has received approximately 75 pages of discovery as well as a CD containing additional information. Counsel as also briefly spoken both with the Assistant United States Attorney and the computer expert for the United States and viewed a portion of the videos and photographs seized in this case. The facts set forth in these motions are subject to amplification and/or modification at the time these motions are heard and are not adopted by the defense.

In approximately May of 2007, agents of the Immigration and Customs Enforcement (ICE) received information that certain IP addresses were being used through Peer-to-Peer databases to share or obtain what they believed to be child pornography. In June of 2007, one of the IP addresses was traced to Jerry Ritchie Morgan at 1601 Drew Road, Space

1  39, El Centro, California.  A search warrant was subsequently obtained
2  and executed on July 17, 2007 at that residence.
3       During the search, ICE agents seized several items, including at
4  least two laptop computers and one desktop computer.  Other residents
5  of that address were listed as Sheila, Nathan, and Neil Morgan.  Also
6  visiting from Missouri at that time was Jackie Morgan (Jerry's Brother).
7       Jerry Morgan was interviewed and stated that he, himself, almost
8  never used the computers in the home, but his son, Nathan, spent most
9  of his time on the computer.  Nathan was interviewed, and apparently
10 admitted seeing some pictures and videos of child pornography and also
11 apparently admitted an attraction toward children.  He was arrested and
12 has recently waived indictment and is expected to enter a guilty plea
13 in the near future.
14      On July 20, agents asked Jackie Morgan to come into the El Centro
15 office to get his computer, which had also been seized on the morning
16 of the 17th, and Jerry Morgan accompanied him.  Agents showed Jerry a
17 black Fujitsu notebook computer that had been seized during the raid,
18 and Jerry said that computer belonged to his son, Neil Morgan.  Jerry
19 claimed that Neil was the only one to ever use that computer, and that
20 Nathan operated the gateway computer from the computer room in the
21 house.  All the computers had apparently been purchased with Jerry
22 Morgan's credit card.
23      Neil Moran was interviewed on July 26, 2007 (the circumstances
24 surrounding this interview are unknown at this time), and made several
25 statements that could be construed as incriminating.  He is now in
26 custody and the case is pending before this court.
27 //
28 //

**II.**

**THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY**

Neil Morgan makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16.  This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

*Mr. Morgan may eventually also request a detailed list of specific items that may not yet have been produced, and is requesting that the government turn over and allow his counsel to view and inspect all items at the earliest possible date.  He also specifically requests that the government retain, preserve and prevent from destruction, all evidence seized in this case so that counsel may have the opportunity to re-test and have it's own expert examine any computer files if necessary.*

(1) Mr. Morgan's Statements.  The government must disclose: (1) copies of any written or recorded statements made by Mr. Morgan; (2) copies of any written record containing the substance of any statements made by Mr. Morgan; and (3) the substance of any statements made by Mr. Morgan which the government intends to use, for any purpose, at trial.  **This includes any hand-written notes made by agents and any co-conspirator's or material witness alleged statements as well, as well as any video or audio recorded statements.**  See Fed. R. Crim. P. 16(a)(1)(A).  Mr. Morgan also specifically requests that the circumstances surrounding any alleged waiver of his right to counsel and right to remain silent be disclosed as well.

Statements of Others; the defense moves for an order directing the

government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

    (A) Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicted or unindicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

    (B) The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.

(2) <u>Mr. Morgan's Prior Record</u>. Mr. Morgan requests complete disclosure of his prior record if one exists. <u>See</u> Fed. R. Crim. P. 16(a)(1)(B).

(3) <u>Documents and Tangible Objects</u>. Mr. Morgan requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. <u>See</u> Fed. R. Crim. P. 16(a)(1)(C).

(4) <u>Reports of Scientific Tests or Examinations</u>. Mr. Morgan requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D). Mr. Morgan notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Morgan requests a copy.

(5) <u>Expert Witnesses</u>. Mr. Morgan requests the name and qualifications of any person that the government intends to call as an expert witness. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E). Mr. Morgan requests

written summaries describing the bases and reasons for the expert's opinions. See id. This request applies to any fingerprint and handwriting experts that the government intends to call.

(6) Brady Material. Mr. Morgan requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Morgan requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995).

In addition, Mr. Morgan requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic. *This would specifically include any and all reports involving any investigations and grand jury testimony pertaining to the investigating and arresting agents or confidential sources in this case.*

(7) Request for Preservation of Evidence. Mr. Morgan specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events

leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Morgan requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9) <u>Witness Addresses</u>. Mr. Morgan requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>. Mr. Morgan requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. This production will avoid needless delays at pretrial hearings and at trial. ***This request includes any "rough" notes taken by the agents in this case***; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). ***This request also includes production of transcripts of the testimony of any witness before the grand jury. Counsel would like access to all witnesses' last known address so an attempt can be made to contact them.*** See 18 U.S.C. § 3500(e)(3).

(11) <u>Residual Request</u>. Mr. Morgan intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Morgan requests that the government provide his and his attorney with the above-requested material sufficiently in advance of trial.

(12) <u>Government Examination of Law Enforcement Personnel Files</u> Mr.

Morgan requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses. Mr. Morgan requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Morgan prior to trial. Mr. Morgan specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

### III.

### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

In order to properly present additional pretrial motions, Mr. Morgan needs more information which may be provided through counsel's discovery request. As more information comes to light and as additional research and/or investigation is completed, additional substantive motions may be necessary. Accordingly, Mr. Morgan requests that the Court permit his to file further motions before trial.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Morgan respectfully requests that the Court grant his motions.

**Respectfully submitted,**

Dated:  January 9, 2008

s/ *Holly S. Hanover*
Holly S. Hanover
Attorney for Mr. Neil Morgan
E-mail: Netlawyr@aol.com