KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7084

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>NEIL MORGAN,  )<br>  )<br>Defendant.  )<br>_____ ) | Criminal Case No. 07CR3417-JLS<br><br>Date: January 23, 2008<br>Time: 1:30 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br><br>(1)  COMPEL DISCOVERY;<br>(2)  GRANT LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR MOTION FOR RECIPROCAL DISCOVERY |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney, hereby files its response and opposition to Defendant's above-referenced motions. This response is based upon the files and records of this case, together with memorandum of points and authorities, and the Government's motion for reciprocal discovery.

//
//
//
//

**I**

**STATEMENT OF FACTS**

**A.    Background**

In May 2007, ICE agents received information from the Internet Crimes Against Children Task Force that certain internet protocol (IP) addresses in Imperial County were being used to receive and distribute child pornography images and videos through peer-to-peer file sharing. One such address was 76.178.120.10, which was later identified as being assigned to Jerry Ritchie Morgan, 1601 Drew Road, Space 39, El Centro, California 92243.

Peer to peer networks are used in the trading of files, including music, photos and of course, child pornography. File sharing is the practice of making files available for other users to download over the Internet and smaller networks. The "Peer to Peer", or "P2P" model allows individuals to share their files on their personal computers. Most people who engage in file sharing also download files that other users share. Once a file is identified as child pornography, it can be tracked using its file name and a user can locate other computer users who have that particular file and download it from that computer assuming that user allows file sharing. In this case, four videos, identified as having images of child pornography, were distributed from IP address 76.178.120.10 as follows:

- Video 1 - March 9, 2007, at 15:24; March 15, 2007, at 8:45; and April 3, 2007, at 18:26. The video is of a prepubescent female (6-7 years old) digitally penetrating herself and later performing oral sex on an adult male. Later, the adult male is engaged in vaginal intercourse with the female child.

- Video 2 - May 21, 2007, at 11:00; May 25, 2007, at 15:15 and May 26, 2007, at 20:15. The video is of a prepubescent female (6-7 years old) digitally penetrating herself and later having intercourse with an adult male. Later a thick black marker is seen being inserted into the child's vagina and/or anus. One scene further depicts the child in bondage and her legs spread apart while an adult male is having intercourse with her.

- Video 3 - March 15, 2007, at 1:04, 9:43 and 12:33; and May 25, 2007, at 14:48. The video is of a prepubescent male (9-11 years old) inserting his penis into the anus of another prepubescent child.

- Video 4 - May 24, 2007, at 22:25 and May 25, 2007, at 6:09. The video contains several video clips of prepubescent children (age 6-11) performing oral sex on an adult male and later the adult male vaginally penetrating the female children.

**B.    Search Warrant/ Statements**

Based upon the above information, a federal search warrant was executed on the residence of Jerry Morgan, at 1601 Drew Road, Space 39, El Centro, on July 17, 2007. Present at the residence were: (1) Jerry Morgan, a correctional officer at Centinela State Prison; (2) Sheila Morgan, Jerry's wife, a court reporter at Imperial County courthouse; (3) Jerry's brother, Jackie, who was visiting from Missouri; and (4) Nathan Morgan, Jerry's oldest son, who was in his locked bedroom on a computer.

A total of four computers were seized from the residence pursuant to the search warrant - a Gateway tower computer, a Fujitsu laptop, a Toshiba laptop[1] and a HP laptop. The Gateway was found in the "computer room" which is also Nathan's bedroom. Jerry stated that the Gateway belongs to Nathan even though Jerry purchased it on his credit card. Jerry identified the Fujitsu laptop as belonging to Neil, his youngest son. The HP belonged to Jackie, his brother and uncle to Nathan and Neil. The Toshiba was brand new and belonged to Jerry.

**C.    Interview of Neil Morgan**

On July 26, 2007, Neil was interviewed by ICE agents at the ICE office. This interview was recorded. He was advised that he was free to leave at anytime. He told agents that the Fujitsu laptop belonged to him. His parents purchased it for him in August 2006. He said he was enrolled in nursing school in San Diego. Agents then advised him of his Miranda rights, which he acknowledged and waived. He said that "everyone" uses his computer. He stated that he does not use it that much and lets his friends take the computer home with them.

He deserted the Coast Guard because he had PTSD and there were rape allegations made by a woman who was "wanted in three states" and "fooled him to desert the Coast Guard."

He admitted to using Limewire to download music and admitted to viewing child pornography but stated he didn't realize what he was looking at. He repeated that his friends use his computer all the time, however could not give the names of any of these friends. He then said he was into "German

---

[1]    No CP images were found on the Toshiba laptop.

House" music and when he would download this type of music, child porn images would appear. He said when he would download it, he would look at it more than once, and sometimes forget to delete it. He admitted to viewing more than 50 images of child pornography.

Unlike his brother, he does not play online video games because they charge too much to play. He plays other computer games. He admitted to downloading adult porn from various websites and has viewed his father's porn from the 1970s.

When asked about the sexual penetration charges from Coos Bay, Oregon, he said they stemmed from a woman he lived with who had kids, including the alleged victim, a daughter. He said the allegations were false.

### a.    Neil's Child Molestation Case in Oregon

Agent Ballard followed up with Sgt. Lounsbury in Coos Bay, Oregon, the investigating officer on the case. Sgt. Lounsbury stated that the victim was the 11 year old daughter of Neil's ex-girlfriend, Angela. He learned about the case after Neil's ex-wife, Josie, reported Neil to the police. Josie told police that while she and Neil were having "forcible sex" with each other in 2005, he admitted to molesting a young girl. Josie reported this to the police in Coos Bay in May 2005. Police were unable to locate the victim until 2006.

Police interviewed the victim in 2006. The child corroborated the story and stated that Neil kissed her and digitally penetrated her while she and her mother, Angela, lived in Oregon in late 2004 with Neil. She recalled it happened between May and October 2004. Lounsbury also stated that Josie stated she had seen Neil viewing child pornography on his computer. Apparently, Neil did not realize she was looking at him while he was viewing child porn.

The District Attorney's office dismissed the case because they were unable to locate the victim for trial that was scheduled for February 2007. Josie, the victim's mother, stated she moved away from Oregon because she had been receiving death threats from Neil so she moved away before she knew about the trial. The District Attorney's office plans to refile charges on this case.

### b.    Neil's Coast Guard Desertion Case

In October 2004, an adult female reported that she had been drugged and raped by Neil Morgan in Coos Bay, Oregon. Coast Guard officials attempted to interview Neil, but he absconded and was

1  declared a deserter on December 28, 2004. He was ultimately discharged from the Coast Guard. No
2  charges were brought against Neil for rape.

## II

## POINTS AND AUTHORITIES

### A.   Defendant's Motion to Compel Discovery Should be Denied

The Government has produced approximately 83 pages and 2 CDs in discovery. Additional discovery will be produced as it is available. The discovery produced is in excess of that required by Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act (now covered by Rule 26.2 of the Federal Rules of Criminal Procedure). As to the physical evidence, the Government will make it available for viewing by defense counsel at a mutually convenient time and place.

As to exculpatory information, the Government is well aware of its obligation under Brady v. Maryland, 373 U.S. 83 (1963) and will comply.

The Government will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The Government has provided and will continue to provide information within its possession or control pertaining to the prior criminal history of the Defendant. Evidence of other acts or crimes by the Defendant similar to this incident will be provided once the information is received. The Government intends to seek permission to introduce this evidence under Fed. R. Evid. 404(b) at trial. The Government also intends to seek permission to impeach Defendant with any felony conviction he may have under Fed. R. Evid. 609(a)(1) if he testifies at trial.

The Government will produce the reports of any experts that it intends to use in its case-in-chief at trial or are material to the preparation of the defense.

In view of the above-stated position of the Government concerning discovery, it is respectfully requested that no orders compelling specific discovery by the Government be made at this time. The Government also respectfully requests reciprocal discovery of the Defendant. If and when individual problems arise which cannot be resolved between counsel for Defendant and the Government, the matters can be submitted to the Court for decision.

**B.    Leave to File Further Motions**

The Government does not oppose Defendant's request to file further motions if based on newly acquired discovery.

### III

### GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

The Government hereby requests Defendant to deliver all materials to which the Government may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### IV

### CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied and that the Government's motion for reciprocal discovery be granted.

DATED:    January 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Alessandra P. Serano
ALESSANDRA P. SERANO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 07CR3417JLS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| NEIL MORGAN, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Holly Hanover, Esq.**
Email: netlawyr@aol.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2008.

                                            s/Alessandra P. Serano
                                            ALESSANDRA P. SERANO